**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ABOVE ALL CO. FOREARM FORKLIFT INC., <br>　　　　Plaintiff, <br><br>v. <br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br>　　　　Defendants. | Case No. 22-cv-3443 <br><br>**Judge John Robert Blakey** <br><br>**Magistrate Judge Susan E. Cox** |

**AGREED MOTION FOR ENTRY OF CONSENT JUDGMENT**

Plaintiff and Defendant No. 346, "zhengzhoubiansongshangmaoyouxiangongsi" ("Defendant"), acting through counsel, hereby agree to and move this Court for Entry of Consent Judgment attached hereto.

Date: December 7, 2022

| | |
|---|---|
| /s/Brandon Beymer <br> Brandon Beymer (ARDC No. 6332454) <br> Daliah Saper (ARDC No. 6283932) <br> Saper Law Offices, LLC <br> 505 N. Lasalle, Suite 60654 <br> Chicago, Illinois 60654 <br> (312) 527-4100 <br> ds@saperlaw.com <br> brandon@saperlaw.com <br><br> Attorneys for Plaintiff | /s/Ford Banister <br> Ford Banister <br> Ford Banister IP <br> 305 Broadway, Floor 7 <br> New York, NY 10007 <br> ford@fordbanister.com <br> Ph: (212) 500-3268 <br><br><br> Attorney for Defendant |

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ABOVE ALL CO. FOREARM FORKLIFT INC., <br><br>          Plaintiff, <br><br>v. <br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br>          Defendants. | Case No. 22-cv-3443 <br><br>**Judge John Robert Blakey** <br><br>**Magistrate Judge Susan E. Cox** |

**CONSENT JUDGMENT**

This action having been commenced by Uproot Lint, LLC ("Plaintiff") against Defendant No. 346 ("Defendant"). Plaintiff and Defendant have resolved all claims arising from the allegations in the Complaint.

| Def. No. | Defendant / Merchant Name |
|---|---|
| #346 | zhengzhoubiansongshangmaoyouxiangongsi |

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defendant since Defendant directly targets their business activities towards consumers in the United States, including Illinois. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating an e-commerce store that targets United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and have used infringing and counterfeit versions of the FOREARM FORKLIFT Trademark (collectively, the "Unauthorized Forearm Forklift Products") to residents of Illinois. The Forearm Forklift Trademark is included in the below chart.

| REGISTRATION NUMBER | REGISTERED TRADEMARK | INTERNATIONAL CLASSES |
|---|---|---|
| 3,106,662 | FOREARM FORKLIFT | 022 |

THIS COURT FURTHER FINDS that Defendant is liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510), and willful copyright infringement (17 U.S.C. § 101).

IT IS HEREBY ORDERED that:

1. Defendant, the officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with it be permanently enjoined and restrained from:

    a. using the FOREARM FORKLIFT Trademark or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Forearm Forklift product or not authorized by Plaintiff to be sold in connection with the FOREARM FORKLIFT Trademark;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Forearm Forklift product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the FOREARM FORKLIFT Trademark;

    c. committing any acts calculated to cause consumers to believe that Defendant's Unauthorized Forearm Forklift Products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing the FOREARM FORKLIFT Trademark; and

    e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff's, nor authorized by Plaintiff to be sold

       or offered for sale, and which bear any of Plaintiff's trademarks, including the FOREARM FORKLIFT Trademark.

2. Pursuant to the parties' settlement agreement, Defendants shall pay Plaintiff one thousand and eight hundred dollars ($1,800) in damages (the "Damages Amount").

3. Walmart Inc. ("Walmart") is ordered to transfer the Damages Amount from Defendant's account to Plaintiff within seven (7) calendar days of receipt of this Order.

4. Upon Walmart's transfer of Damages Amount to Plaintiff pursuant to paragraph 3, Walmart shall remove any restraints that were placed on Defendant's e-commerce store and financial account pursuant to the Temporary Restraining Order [ECF 21].

5. This case is dismissed with leave to reinstate within one hundred and eighty (180) days, at such time, absent a motion to reinstate, shall automatically convert to a dismissal with prejudice.

6. Each party shall bear its own attorney's fees and costs.

IT IS SO ORDERED:

Dated: _____

                                            _____
                                            John Robert Blakey
                                            United States District Judge